IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FLOYD ROBINSON, # A66413,**
**Petitioner,**

v.                                            Case No. 16-cv-1248-DRH

**STATE OF ILLINOIS,**
**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Floyd Robinson, an inmate who is currently incarcerated in Lawrence Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254, in order to challenge certain actions taken by the Fifth District Appellate Court of the State of Illinois. (Doc. 1). This matter is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition shall be **DISMISSED**.

**Background**

In 2012, Petitioner pleaded guilty to charges of retail theft and escape and was sentenced to 3 years and 10 years for these offenses, with the terms to run concurrently. (Doc. 1, at 1). Petitioner moved *pro se* to withdraw his guilty plea on May 2, 2012, and his original defense counsel also filed a motion to reconsider and a motion to withdraw Petitioner's guilty plea on May 11, 2012. (*Id.* at 1-2). Petitioner's original defense counsel was removed from the case on July 31, 2012, and new defense counsel was assigned to Petitioner's case and directed to file an amended motion to withdraw guilty plea. (*Id.* at 2). Without Petitioner's knowledge, his new counsel filed an amended motion to withdraw his guilty plea and vacate judgment on October 17, 2010, and it was denied the same day. *Id.* Petitioner tendered a post-conviction petition on November 6, 2012 with the 20th Judicial Circuit Court of the State of Illinois. *Id.* He was appointed counsel, who filed an amended petition on August 13, 2013. *Id.* Petitioner's petition was dismissed on August 8, 2014 following a hearing. *Id.* After his motion to reconsider in response to the dismissal was ignored, Petitioner filed a notice of appeal. *Id.*

Petitioner requested and was granted leave to proceed *pro se* on appeal. (*Id.* at 3). When he filed his appellate brief, it was rejected because of its excessive length. *Id.* He sought leave to exceed the page limit, but his request was denied. *Id.* He then requested an extension of time to file his brief and was given a "final deadline" of November 16, 2015 pursuant to an order entered on September 16,

2015. *Id.* He then submitted another request to the appellate court for an extension of the briefing deadline to December 16, 2015. *Id.*

Petitioner presented his brief to a guard for mailing on November 13, 2015. *Id.* The appellate court denied Petitioner's request for an extension and dismissed his appeal for want of prosecution on November 17, 2015. Petitioner filed several motions seeking reconsideration of the decision arguing that his brief was timely filed. (*Id.* at 4). One such motion was denied on December 11, 2015, and the rest were ignored. *Id.*

Petitioner sent a notice of appeal to the appellate court and a petition for leave to appeal to the Illinois Supreme Court on January 7, 2016. *Id.* Petitioner was denied leave to appeal on March 30, 2016, and his efforts to move for reconsideration were unavailing. (*Id.* at 5). On May 4, 2016, the Illinois Supreme Court issued a mandate to the appellate court, and the appellate court dismissed Petitioner's appeal on May 13, 2016. *Id.* Petitioner filed a notice of appeal to the Illinois Supreme Court on September 9, 2016, signaling his intention to appeal to this federal court. *Id.*

## Discussion

Petitioner challenges the Fifth District Appellate Court's decision dated November 17, 2015. There, the state appellate court dismissed his appeal from the circuit court's decision to deny his post-conviction petition in Case No. 11-CF-825. (*Id.* at 2-3). Petitioner alleges that his appellate brief was timely submitted under the "mailbox rule," and the appellate court erred in dismissing the appeal

for want of prosecution. (*Id.* at 4). Petitioner does not challenge the constitutionality of his conviction, sentence, or present confinement. Instead, he seeks to "have his timely filed brief heard in the Fifth District Appellate Court on the Merits." (Id. at 6).

Petitioner does not seek a determination that his custody violates the Constitution, laws, or treaties of the United States, as is the purview of § 2254. Petitioner instead asks this Court to order the state appellate court to hear Petitioner's claims. Such a request may be appropriate for an appeal to the state supreme court or a petition for leave to appeal in the United States Supreme Court. However, this Court is not authorized to grant the relief Petitioner now seeks under § 2254. The Court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a) (emphasis added).

Even if this Court had authority to grant the relief Petitioner now seeks under § 2254, it cannot grant this relief against the "People of the State of Illinois." Petitioner has failed to name the proper respondent. Rule 2 of the Rules Governing § 2254 Cases in United States District Courts provides that the petition must name as respondent the state officer who has custody of the Petitioner. Since Petitioner is incarcerated in Lawrence Correctional Center, the proper respondent is the warden of that facility rather than the "People of the State of Illinois."

**Disposition**

**IT IS HEREBY ORDERED** that the Petition is summarily **DISMISSED** without prejudice.  This dismissal is without prejudice in case Petitioner exhausts all state court remedies and eventually seeks to argue "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Should Petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the Seventh Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); *see also* 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While a Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id*. at 338 (citation omitted).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. *See* FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Petitioner has not brought cognizable claims under 28 U.S.C. § 2254 or named the appropriate respondent, so he is not entitled to relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

Signed this 17th day of February, 2017.

Judge Herndon
2017.02.17
15:31:20 -06'00'

**UNITED STATES DISTRICT JUDGE**